**LAW OFFICE OF ROBERT M. GREGORY, P.C.**
Robert Gregory, Bar No. 021805
1930 S. Alma School Road, Suite A-115
Mesa, Arizona 85210
Telephone: (480) 839-4711
Facsimile: (480) 452-1753
Robert.gregory@azbar.org

*Attorney for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EBENEZER T. QUAYE; an individual<br><br>Plaintiff,<br><br>v.<br><br>ISAGENIX WORLDWIDE, LLC, a Delaware limited liability company; ISAGENIX INTERNATIONAL, LLC, an Arizona limited liability company; JOHN DOES, I-X; JANE DOES, I-X; BLACK & WHITE PARTNERSHIPS I-X; ABC CORPORATIONS I-X;<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Discrimination based on Race and National Origin)**<br><br>**(Request for Jury Trial)** |

COMES NOW Plaintiff Ebenezer T. Quaye (hereinafter, "Plaintiff"), by and through his undersigned counsel, and alleges as follows:

### JURISDICTION

1. Plaintiff ("Plaintiff") is a single male, with his principal place of residence in Maricopa County, Arizona.

2. Upon information and belief, Defendant Isagenix Worldwide, LLC is a limited liability company organized and formed pursuant to the laws of the State of Delaware, doing business in Arizona as "Isagenix Worldwide, LLC" or "Isagenix."

3. Upon information and belief, Defendant Isagenix International, LLC is a limited liability company organized and formed pursuant to the laws of the State of Arizona, doing business in Arizona as "Isagenix International, LLC" or "Isagenix."

4. Defendants Isagenix Worldwide, LLC and Isagenix International, LLC (collectively, the "Defendants") operate a business in the City of Chandler in Maricopa County, Arizona.

5. Upon information and belief, the Defendants, at all times relevant to this case, were and are residents of Maricopa County, Arizona.

6. Defendants caused events to occur in Maricopa County, Arizona, out of which this action arises.

7. This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. § 2000e.  This Court has personal jurisdiction over the parties.

8. Plaintiff brings this action to vindicate violations by Defendants of his federal right to be free from discrimination on the basis of race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended (the "Act").

**FACTS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff is a black male, British of African Descent, age 47, who began working for Defendants on or about April 2008 as a Senior Project Manager.

10. Prior to being hired, Plaintiff was contacted by Eileen Esquire of Isagenix International's human resource department and offered the position of Senior Project Manager with an approximate starting salary of $70,000.00 per year.

11. After an impressive interview with Defendants in or about April 5, 2008, Defendants extended a written offer of employment to Plaintiff on April 15, 2008.  Plaintiff accepted the offer of employment, signed an employment contract, and began working for Defendants as a Senior Project Manager with an annual salary of $80,000.00.

12. Soon after beginning his employment with Defendants, Plaintiff discovered that he was earning a salary that was more in line with the salary of a Junior Project Manager; however, Plaintiff applied for, was more than qualified for, and was hired for the position of Senior Project Manager.

13. Upon information and belief, the Senior Project Manager position had an annual starting salary of approximately $90,000.00 to $95,000.00.

14. Plaintiff's employment contract with Defendants stated he was to receive a performance evaluation ninety days after commencing employment. Several weeks after the 90-day period had passed, Plaintiff had yet to receive the performance evaluation. When Plaintiff complained to his supervisor, Scott Flohr, about this oversight, Plaintiff was told "he had not been with the company long enough, but would receive a mid-year review in August", which never occurred.

15. Plaintiff alleges that Caucasian male and female employees earned more than black employees in the same or similar position.

16. Plaintiff alleges that Defendants discriminated against him when Defendants sponsored the H1-B visa of a Caucasian male employee with only a high school diploma; yet, after promising to sponsor his green card, Plaintiff was told by Scott Flohr that the company was "holding off" on sponsorship in June/July 2009 because the company was preparing for a "reorganization within the company" and that a "corporate position" was being considered by Defendants for Plaintiff because Mr. Flohr believed Plaintiff was "over-qualified" in his current position.

17. The "corporate position" was never discussed again with Plaintiff by any company manager or representative; however, Mr. Flohr had repeatedly assured Plaintiff that he was a "valuable employee" and that at his mid-year review in August, Mr. Flohr planned to discuss bringing his salary "up to where it should be" and discuss further with him the "corporate position" Mr. Flohr had in mind for him.

18. Plaintiff was bypassed for promotion and was not provided the opportunity to apply for the Director of Project Management position because Defendants elected to hire another person who was Caucasian and who was less qualified than Plaintiff.

19. On or about October 2, 2009, Plaintiff was called into a meeting with human resources where he was informed he was being terminated. Plaintiff was told he would receive two weeks severance; however, Plaintiff knew of Caucasian employees who were also terminated that received more severance than Plaintiff was being offered.

20. After being terminated, Plaintiff timely filed a Charge of Discrimination, Charge No. 540-2010-00191, with the Equal Employment Opportunity Commission ("EEOC") on October 22, 2009, alleging discrimination on the basis of race and national origin.

21. On or about December 14, 2009 Defendants filed their Position Statement in response to Plaintiff's allegations.

22. On or about January 28, 2010, the EEOC issued a right to sue letter to Plaintiff.

23. On or about February 1, 2010, Plaintiff filed his response to Defendants' Position Statement with the EEOC requesting reconsideration and to further investigate his claims.

24. On or about March 8, 2010 the EEOC responded to Plaintiff's request to reconsider, denying Plaintiff's request. Having exhausted his administrative remedies, Plaintiff files this Complaint.

## **COUNT ONE**

**(Discrimination based on Race)**

25. Plaintiff realleges the foregoing allegations and incorporates them herein by reference.

26. The acts, policies and practices of Defendants and their employees, as alleged herein, violate the provisions of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e, which prohibits discrimination against employees, as defined therein, on the basis of race.

27. Defendants intentionally and knowingly compensated Plaintiff, who is black, with a lesser salary for the position of Senior Project Manager, while compensating Caucasian employees in the same or similar position a higher salary.

28. Defendants made it a practice to pay Caucasian employees more than the black employees in the same or similar position.

29. Plaintiff was bypassed for promotion and was not provided the opportunity to apply for the Director of Project Management position because Defendants elected to hire another person who was less qualified than Plaintiff.

30. Plaintiff alleges that Defendants did not promote him or provide him the opportunity to apply for the Director of Project Management position because he is black.

31. Plaintiff has sustained damages, including, but not limited to, loss of earnings, humiliation, anxiety over the loss of his position, emotional distress, attorney's fees and other special and general damages, all in an amount to be proven at trial.

## COUNT TWO

### (Discrimination based on National Origin)

32. Plaintiff realleges the foregoing allegations and incorporates them herein by reference.

33. The acts, policies and practices of Defendants and their employees, as alleged herein, violate the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, which prohibits discrimination against employees, as defined therein, on the basis of national origin.

34. Defendants intentionally and knowingly compensated Plaintiff, who is British of African descent, with a lesser salary for the position of Senior Project Manager, while compensating employees of a different national origin and in the same position at a higher salary.

35. Defendants sponsored the H1-B visa of a Caucasian male employee with only a high school diploma. Plaintiff, who has a Bachelor of Science degree and a Master of Business Administration degree, was not sponsored by Defendants even though Defendants had promised to sponsor Plaintiff's green card at the time he became employed with Defendants. Ultimately, Defendants told Plaintiff that the company was "holding off" on sponsorship in June/July 2009 because the company was preparing for "reorganization within the company."

36. Plaintiff has sustained damages, including, but not limited to, loss of earnings, humiliation, anxiety over the loss of his position, emotional distress, attorney's fees and other special and general damages, all in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for a jury trial and judgment against Defendants as follows:

A. Awarding Plaintiff compensatory damages in an amount to be proven at trial;

B. Awarding Plaintiff punitive damages in an amount to be proven at trial;

C. Awarding Plaintiff pre- and post-judgment interest;

D. Awarding Plaintiff his reasonable attorney's fees and costs; and

E. Awarding Plaintiff such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 25th day of March, 2010.

                LAW OFFICE OF ROBERT M. GREGORY, P.C.

                By: /s/ Robert M. Gregory_____
                      Robert M. Gregory
                      *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to any non-registrants this 25th day of March, 2010.


/s/Robert M. Gregory